UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELINA NKOLI OKWUEGO,<br><br>                                  Plaintiff,<br><br>v.<br><br>ROGER LEONE, *et al*,<br><br>                              Defendants. | Civil Action No. 23-3231 (JXN) (MAH)<br><br>**OPINION** |

**NEALS**, District Judge

    This matter comes before the Court upon *pro se* Plaintiff Angelina Nkoli Okwuego's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) and Complaint (ECF No. 1),[1] on behalf of her minor son S.I.O.[2] against the Newark Board of Education and staff members Roger Leone, Marilyn Mitchell, Nicole Ford, and Carolyn Granaton (collectively "Defendants").

    Based on the information contained in the Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized under 28 U.S.C. § 1915. As the Court grants Plaintiff's IFP application, the Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's application to proceed IFP is **GRANTED,** and Plaintiff's Complaint will be **DISMISSED** *without prejudice*.

**I.    BACKGROUND**

---

[1] Plaintiff also filed several exhibits in support of her Complaint in a separate docket entry. (*See* ECF No. 2.)

[2] Pursuant to Fed. R. Civ. P. 5.2(a)(3) and Local Civil Rule 5.3(c), the Court will use initials to identify Plaintiff's minor child, given the interest in protecting the privacy of minors.

1

Plaintiff filed this action on behalf of her two-year-old son, S.I.O., against the Newark Board of Education and certain staff members for violating S.I.O.'s rights under the U.S. Constitution for failing to provide him with special education services. (*See generally* Complaint ("Compl."), ECF No. 1.) In her Complaint, Plaintiff seems to assert claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*[3]

On October 18, 2022, Plaintiff's son, S.I.O., was deemed "eligible for special education under the category of Preschool Child with a Disability" by members of Newark Public Schools' Child Study Team. (Compl., Ex. 1 at 1, ECF No. 1-3.) S.I.O. was to receive special education and other related services beginning December 5, 2022, through October 17, 2023. (Compl., Ex. 2 at 1.) Plaintiff alleges that Defendants violated the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution by failing to provide S.I.O. with the special education and related services he is entitled to receive. (Compl. at 3.) Plaintiff seeks $1,500,000 in damages as well as an extension of S.I.O.'s special education eligibility period. (Compl. at 4.)

**II.    LEGAL STANDARD**

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

---

[3] While Plaintiff does not specifically assert a claim under the IDEA in the Complaint, the claims asserted fall under the IDEA framework.

2

> Federal Rule of Civil Procedure 8(a) requires that a complaint contain:
>
> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

In matters where a plaintiff proceeds *pro se*, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient

3

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.    DISCUSSION

In the Complaint, Plaintiff alleges Defendants violated her and her son's Fifth, Eighth, and Fourteenth Amendment rights. (*See* Compl. at 3.) Based on Plaintiff's allegations regarding her son's specialized education needs, his alleged injuries, which are educational in nature, and her status as a *pro se* litigant, however, the Court construes the Complaint as alleging violations of the IDEA's guarantee of a free and appropriate education. (*See* Compl. at 4; *see also id*., Ex. 1 at 3 (special education Eligibility Conference Report), Ex. 2 (S.I.O.'s Service Plan Information sheet), Ex. 3 (Special Education Medicaid Initiative, Parental Consent Form), Ex. 4 (email exchange between Plaintiff and Defendants related to special education services for S.I.O. in accordance with his IEP.)

Congress enacted the IDEA to ensure that "the rights of children with disabilities and parents of such children are protected[.]" 20 U.S.C. § 1400(d)(1)(A)-(B). This federal law "requires that every child with a disability receive a free appropriate public education (a "FAPE") from their public school if that school receives federal funding under the IDEA," including special education-related services meeting certain criteria under 20 U.S.C. § 1401(9). *J.A. v. Monroe Twp. Bd. Of Educ.*, No. 120-09498, 2022 WL 970194 (D.N.J. Mar. 31, 2022) (citing § 1412(a)(1)(A); 34 C.F.R. § 300.101(a))); *see also* 20 U.S.C. § 1412(a)(4) (defining an "individualized education program")).

Having screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that Plaintiff lacks standing to bring claims on behalf of S.I.O. Further, to the extent Plaintiff

brings claims on her own behalf, she has failed to exhaust her administrative remedies prior to filing suit.

### I. PLAINTIFF LACKS STANDING TO BRING CLAIMS ON BEHALF OF HER CHILD *PRO SE*

The Third Circuit has consistently held that a non-lawyer *pro se* parent cannot bring a lawsuit on behalf of her minor child. *Osei–Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("[A] non-lawyer appearing *pro se* [is] not entitled to play the role of attorney for [her] children in federal court."); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). Although litigants have a right to bring and prosecute a lawsuit on their own behalf, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."), and the Federal Rules of Civil Procedure permit a minor to bring a lawsuit through a guardian, Fed. R. Civ. P. 17(c),[4] in *Osei-Afriyie*, the Third Circuit held that non-lawyer *pro se* parents cannot prosecute claims on behalf of their minor children reasoning that "[t]he choice to appear *pro se* is not a true choice for minors who under state law ... cannot determine their own legal actions." *Id.* at 882–83.

Thus, while Plaintiff may proceed *pro se* to vindicate her rights under the IDEA, *see Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.*, 587 F.3d 176, 183 (3d Cir. 2009) ("parents undoubtedly have substantive rights under the IDEA that they may enforce by prosecuting claims brought under that statute on their own behalf") (citing *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 531 (2007)), to the extent Plaintiff seeks to pursue claims on behalf of S.I.O., she does not have standing to do so. *See R.B. v. Mastery Charter*

---

[4] Under New Jersey state law, minors lack the capacity to bring lawsuits on their own. N.J.S.A. § 9:17B-3; Fed. R. Civ. P. 17(b)(1) (capacity to sue or be sued is "determined ... by the law of the individual's domicile").

...


*Sch.*, 532 F. App'x 136, 137 n.1 (3d Cir. 2013) ("Ms. Ballard is not permitted to represent R.B. because parents may not represent their children in IDEA cases in federal court."); *Woodruff v. Hamilton Twp. Pub. Sch.*, 305 F. App'x 833, 836 n.2 (3d Cir. 2009) ("Because the Woodruffs are not attorneys, they may not represent B.W. on appeal. Therefore, they are proceeding on appeal only as to their claims.") (internal citation omitted); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Since *Osei-Afriyie*, the Third Circuit has upheld the proposition that parents cannot represent their minor children in federal court.") (collecting cases).). Accordingly, the claims Plaintiff seeks to pursue on behalf of S.I.O. will be **dismissed** *without prejudice.*

## II.   CLAIMS BROUGHT BY PLAINTIFF ON HER OWN BEHALF

In the Complaint, Plaintiff asserts federal question jurisdiction as a result of the alleged constitutional violations committed against "the plaintiff and her son." (Compl. at 3.) Plaintiff can proceed *pro se* as to the IDEA claims on her own behalf. *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522, 530–33 (2007), *Id.* at (Wherein the Supreme Court held that parents have substantive rights under the IDEA and may thus prosecute IDEA claims *pro se* on their own behalf.) However, as explained in greater detail below, Plaintiff has failed to exhaust all administrative processes as required under 20 U.S.C. § 1415 (e)(2). Therefore, this Court lacks subject matter jurisdiction over this action.

### 1. This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims.

Federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg—Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). A federal court, therefore, is required to determine whether it has jurisdiction even if the parties to an action have not made a jurisdictional challenge. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

6

In order to properly bring an IDEA claim before a federal court, a plaintiff must have first exhausted her administrative remedies. *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). A federal court cannot exercise subject matter jurisdiction over a dispute unless the state's administrative remedies have been exhausted, so, in the "absen[ce of] the application of any exceptions, all of [a party's] claims made pursuant to the IDEA require exhaustion." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 273 (3d Cir. 2014); *see also T.R. v. Sch. Dist. of Philadelphia*, 4 F.4th 179, 185 (3rd Cir. 2021) (holding that absent certain exceptions, "failure to exhaust [an IDEA claim] will deprive a federal court of subject matter jurisdiction") (internal quotation marks and citation omitted).

"The IDEA establishes a detailed administrative mechanism for resolving disputes about whether an educational agency has complied with the [statute]." *Sch. Dist. of Philadelphia*, 4 F.4th at 184. It requires the filing of a complaint, which is resolved through administrative proceedings and appeals, before an aggrieved party may bring a civil action in a state court or a United States district court. 20 U.S.C. § 1415(i)(2). IDEA's "detailed statutory regime makes it clear that Congress intended plaintiffs to complete the administrative process before resorting to federal court." *Sch. Dist. of Philadelphia*, 4 F.4th at 185 (cleaned up).

Some non-IDEA actions are also "subject to IDEA exhaustion requirements, where the asserted claims bear relation to the IDEA'S guarantee of a FAPE." *J.Q. v. Washington Twp. Sch. Dist.*, 92 F. Supp. 3d 241, 252-53 (D.N.J. 2015). The Third Circuit applied the IDEA exhaustion requirement to situations "where, although violations of non-IDEA statutes are pled, the essence of the plaintiff's prayer for relief is the denial of a [FAPE]." *S.D. by A.D. v. Haddon Heights Bd. Of Educ.*, 722 F. App'x 119 (3d Cir. 2018). Requiring plaintiffs to fulfill the exhaustion requirement prevents them from "taking claims that could have been brought under IDEA and repackaging

7

them as claims under some other statute—e.g., section 1983, section 504 of the Rehabilitation Act, or the ADA." *Id.*; *see also Batchelor v. Rose Tree Media Sch. Dist.*., 759 F.3d 266, 274 (3d Cir. 2014). Accordingly, Federal Courts have federal question jurisdiction pursuant to 28 U.S.C. § 1331 for claims under IDEA, subject to the requirement that administrative remedies have been exhausted. *Batchelor*, 759 F.3d at 272. However, courts have recognized some exceptions to exhaustion of the administrative process. *See Honig v. Doe*, 484 U.S. 305, 327 (1988) (finding that, under an earlier version of the current Act, "parents could bypass the administrative process where exhaustion would be futile or inadequate."); *see also Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869-70 (3d Cir. 1990) (finding that presenting an issue that is a purely legal question can raise an exception to the administrative process.); *see also Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303-04 (9th Cir. 1992) (finding a situation where a hearing officer lacked the authority to grant relief, rendering the administrative agency incapable of granting relief.); *see also Christopher W. Portsmouth Sch. Comm.*, 877 F.2d 1089, 1097 (1st Cir. 1989) (finding that the exhaustion of the administrative process would cause the litigant "severe or irreparable harm," such as the existence of "an emergency situation [] (e.g., the failure to take immediate action will adversely affect a child's mental or physical health).").

Here, Plaintiff alleges that Defendants failed to provide services specified in S.I.O.'s IEP. (*See* Compl. at 4; *id*., Ex. 4.) This is precisely the kind of issue that the IDEA requires to be addressed first through the administrative process. *See Grieco v. N.J. Dep't of Educ.,* No. 06–4077, 2007 WL 1876498, at *7 (D.N.J. June 27, 2007) ("Courts most often follow the ordinary rule which states that a factually intensive inquiry into the circumstances of each individual child's case is best resolved with the benefit of agency expertise and a fully developed administrative record.") (internal quotations & textual alterations omitted); *Falzett v. Pocono Mountain Sch. Dist.,* 150 F.

Supp. 2d 699, 702 (M.D. Pa. 2001) (explaining that the IDEA's "exhaustion requirement enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy").

Here, Plaintiff does not allege or provide evidence that she has exhausted her IDEA administrative remedies; that she ever opened an IDEA complaint; or that Defendants held (or refused to hold) a due process hearing to resolve any complaint. Further, there are no allegations or evidence that the exhaustion of Plaintiff's administrative remedies would have been futile, inadequate, or would have imposed "severe or irreparable harm." *New Jersey Prot. & Advocacy, Inc. v. New Jersey Dept. of Educ.*, 563 F. Supp. 2d 474, 485–86 (D.N.J. 2008). Thus, to the extent that Plaintiff's Complaint seeks relief under the IDEA, her Complaint must be dismissed for failure to exhaust administrative remedies. *Allen v. State-Operated Sch. Dist. of City of Newark*, No. CIV.A. 12-3128 ES, 2013 WL 4774473, at *3–4 (D.N.J. Sept. 4, 2013)

### III. CONCLUSION

For the reasons stated above, Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**, and the Complaint is **DISMISSED *without prejudice***. To the extent Plaintiff can cure the deficiencies in her Complaint (i.e., show exhaustion requirements have been met), this Court will give Plaintiff the opportunity to amend her complaint within thirty (30) days of this Opinion and the corresponding Order. Otherwise, this Court will dismiss this matter with prejudice for lack of subject matter jurisdiction because Plaintiff has not exhausted the administrative remedies before filing the instant Complaint.

**DATE**: April 8, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge